I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY ~~Petitioner~~
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-30-2013

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 3 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RAYNALDO SALAZAR,              )   Case No. EDCV 13-2365-SVW (RNB)
                              )
              Petitioner,      )
                              )   ORDER TO SHOW CAUSE
       vs.                     )
                              )
RON E. BARNES,                 )
                              )
              Respondent.      )
_____ )

On December 16, 2013,[1] petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody ("Pet.") in the United States District Court for the Southern District of California. Because the Petition purported to be directed to a conviction sustained in Riverside County Superior Court, which lies within the jurisdictional boundaries of the Central District of California, it was

---

[1]     The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). Here, the Petition did not include a proof of service page. However, in ¶ 28 of the Petition, petitioner indicated that the date he was mailing the Petition was December 6, 2013. The Court also notes that the signature date of the Petition and accompanying ifp declaration was November 29, 2013.

1

1   transferred to this District and filed here on December 26, 2013.

2          The Court's review of the Petition reveals that it suffers from two deficiencies.

3          First, under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he

4   is contending that he is in custody in violation of the Constitution or laws or treaties

5   of the United States.  Here, neither of the instructional error claims alleged in the

6   Petition is framed as a federal constitutional claim.  Thus, on its face, the Petition

7   does not state a claim cognizable on federal habeas review.  Moreover, if the Petition

8   were amended to state any claims cognizable on federal habeas review,[2] the Amended

9   Petition would be subject to dismissal for failure to exhaust state remedies unless

10  petitioner likewise presented the same claim as a federal constitutional claim to the

11  California Supreme Court.  In any event, because of the time bar deficiency detailed

12  below, it appears to the Court that leave to amend would be futile.

13         Second, it appears from the Petition that the claims being alleged by petitioner

14  correspond to the claims that petitioner raised on direct appeal and then presented in

15  his Petition for Review to the California Supreme Court.  According to the California

16  Appellate Courts website, the Petition for Review was denied on August 29, 2012.

17  Since this action was filed after the President signed into law the Antiterrorism and

18

19         [2]      The Court notes that habeas corpus relief is not available to correct
20  alleged errors in the state court's application or interpretation of state law.  See
21  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); see
    also Rivera v. Illinois, 556 U.S. 148, 129 S. Ct. 1446, 1454, 173 L. Ed. 2d 320 (2009)
22  ("'[A] mere error of state law,' we have noted, 'is not a denial of due process.'")
23  (quoting Engle v. Isaac, 456 U.S. 107, 121 n.21, 102 S. Ct. 1558, 71 L. Ed. 2d 783
24  (1982)).  As to petitioner's first instructional error claim, the Court further notes that
    the requirement under Cal. Penal Code § 1111 that "a conviction cannot be had upon
25  the testimony of an accomplice unless it be corroborated" is a matter of state law,
26  which does not implicate a federal constitutional right.  See Laboa v. Calderon, 224
    F.3d 972, 979 (9th Cir. 2000); Odle v. Calderon, 884 F. Supp. 1404, 1418 (N.D. Cal.
27  1995); Redding v. Minnesota, 881 F.2d 575, 578 (8th Cir. 1989), cert. denied, 493
28  U.S. 1089 (1990); Garcia v. Powers, 973 F.2d 684 (8th Cir. 1992).

Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject
to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See
Calderon v. United States District Court for the Central District of California
(Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and
118 S. Ct. 1389 (1998).[3]  28 U.S.C. § 2244(d) provides:

> "(1)    A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the latest
> of--
>
> > (A)    the date on which the judgment became final by
> > conclusion of direct review or the expiration of the time for
> > seeking such review;
> >
> > (B)    the date on which the impediment to filing an
> > application created by State action in violation of the Constitution
> > or laws of the United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted
> > was initially recognized by the Supreme Court, if the right has
> > been newly recognized by the Supreme Court and made
> > retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim
> > or claims presented could have been discovered through the
> > exercise of due diligence.
>
> (2)    The time during which a properly filed application for State

---

[3]    Beeler was overruled on other grounds in Calderon v. United States
District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526
U.S. 1060 (1999).

1    post-conviction or other collateral review with respect to the pertinent

2    judgment or claim is pending shall not be counted toward any period of

3    limitation under this subsection."

4

5        Here, as noted above, the California Supreme Court denied petitioner's Petition

6 for Review on August 29, 2012.  Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A),

7 petitioner's judgment of conviction "became final by conclusion of direct review or

8 the expiration of the time for seeking such review" on November 27, 2012, when the

9 90-day period for petitioner to petition the United States Supreme Court for a writ of

10 certiorari expired.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999);

11 Beeler, 128 F.3d at 1286 n.2.  Thus, if measured from "the date on which the

12 judgment became final by conclusion of direct review or the expiration of the time

13 for seeking such review," petitioner's last day to file his federal habeas petition was

14 November 27, 2013.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001);

15 Beeler, 128 F.3d at 1287-88.

16        From the face of the Petition, it does not appear that petitioner has any basis for

17 contending that he is entitled to a later trigger date under § 2244(d)(1)(B) or §

18 2244(d)(1)(C).   Moreover, it does not appear that petitioner has any basis for

19 contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it

20 appears that petitioner was aware of the **factual** predicate of both of his instructional

21 error claims as of the date he was convicted and sentenced.  See Hasan v. Galaza, 254

22 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a

23 prisoner "knows (or through diligence could discover) the important facts, not when

24 the prisoner recognizes their legal significance").  Indeed, as noted above, it appears

25 from the Petition that the claims being alleged by petitioner correspond to the claims

26 that petitioner presented in the Petition for Review to the California Supreme Court

27 that he filed prior to the date his judgment of conviction became final.

28 //

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was November 27, 2013.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  No basis for statutory tolling under § 2244(d)(2) appears to exist here because, in response to the question on the habeas petition form asking whether petitioner previously filed any state collateral challenges in any state court with respect to this judgment of conviction, petitioner checked off the "no" box with respect to the Superior Court and the California Supreme Court (see Pet. at ¶¶ 14, 18) and merely provided the case number of his direct appeal with respect to the California Court of Appeal (see Pet. at ¶ 17).[4]

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases.  See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010).  However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Holland, 130 S. Ct. at 2562.  The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009).  Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" See Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Consequently, as the Ninth Circuit has

---

[4]    The Court also notes that, according to the California Appellate Courts website, petitioner's sole Court of Appeal filing was his direct appeal.

recognized, equitable tolling will be justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, petitioner has not purported to make the requisite showing for equitable tolling in the Petition.  The Court also notes in this regard that neither limited education, nor difficulty reading and comprehending English, nor lack of legal experience or training, nor ignorance of the law, nor limited access to the prison law library constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period.  See, e.g., Ramirez, 571 F.3d at 998 ("Ordinary prison limitations on Ramirez's access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Gazzeny v. Yates, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); Wilder v. Runnels, 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003) ("[L]ockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law library and legal assistant programs, generally do not qualify as 'extraordinary circumstances.'"); Ekenberg v. Lewis, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Ciria v. Cambra, 1998 WL 823026, at *2-*3 (N.D. Cal. Nov. 10, 1998) (no equitable tolling where petitioner alleging

1    limited law library access, inadequacy of available legal materials, and his limited
2    command of the English language); Bolds v. Newland, 1997 WL 732529, at *2 (N.D.
3    Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not
4    constitute such extraordinary circumstances.").

5        Thus, it appears to the Court that, when the Petition was turned over to the
6    prison authorities for mailing on December 6, 2013, it was untimely by nine days.
7    Although nine days is not a significant amount of time, as the Supreme Court
8    observed in United States v. Locke, 471 U.S. 84, 101, 105 S. Ct. 1785, 85 L. Ed. 2d
9    64 (1985):

10           "[R]egardless of where the cutoff line is set, some individuals will
11           always fall just on the other side of it.  Filing deadlines, like statutes of
12           limitations, necessarily operate harshly and arbitrarily with respect to
13           individuals who fall just on the other side of them, but if the concept of
14           a filing deadline is to have any content, the deadline must be enforced.
15           . . .  A filing deadline cannot be complied with, substantially or
16           otherwise, by filing late--even by one day."

17

18        The Ninth Circuit has held that the district court has the authority to raise the
19    statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
20    petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the
21    Rules Governing Section 2254 Cases in the United States District Courts, so long as
22    the court "provides the petitioner with adequate notice and an opportunity to
23    respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
24    260 F.3d 1039, 1042-43 (9th Cir. 2001).
25    //
26    //
27    //
28    //

1    IT THEREFORE IS ORDERED that, on or before **January 31, 2014**,
2  petitioner show cause in writing, if any he has, why the Court should not recommend
3  that this action be dismissed with prejudice on the ground of untimeliness.

4

5  DATED:  December 30, 2013

6

7                                                            ROBERT N. BLOCK
8                                                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28