1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNALDO SALAZAR,<br><br>                    Petitioner,<br><br>          vs.<br><br>RON E. BARNES,<br><br>                    Respondent. | Case No. EDCV 13-2365-SVW (RNB)<br><br>ORDER TO SHOW CAUSE |

The Court has reviewed petitioner's First Amended Petition ("FAP"), filed herein on February 5, 2014 concurrently with his response to the Court's December 30, 2013 Order to Show Cause re untimeliness.

As best the Court can glean from the FAP, petitioner now is purporting to allege three grounds for relief.  First, petitioner claims that he received ineffective assistance of trial counsel based on the failure to call a "crucial" witness and ineffective assistance of appellate counsel based on the failure to raise an insufficiency of the evidence claim.  Second, petitioner claims that he is actually innocent.  Third, petitioner claims that his conviction "resulted from an error of constitutional dimension, which was not shown to be harmless," specifically the two instructional error claims that he had alleged solely as state law claims in his original Petition (i.e., that the trial court had erred in failing to <u>sua</u> <u>sponte</u> instruct the jury on the principles

1  of accomplice testimony and in failing to <u>sua</u> <u>sponte</u> instruct the jury in accordance

2  with CALJIC 8.71 that, if they were convinced beyond a reasonable doubt that

3  petitioner committed the crime of murder, but had a reasonable doubt whether the

4  murder was of the first or of the second degree, they had to give petitioner the benefit

5  of that doubt and return a verdict of second degree murder).

6        With respect to his third claim, as the Court previously advised petitioner,

7  habeas corpus relief is not available to correct alleged errors in the state court's

8  application or interpretation of state law. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68,

9  112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); <u>see also</u> <u>Rivera v. Illinois</u>, 556 U.S. 148,

10 129 S. Ct. 1446, 1454, 173 L. Ed. 2d 320 (2009) ("'[A] mere error of state law,' we

11 have noted, 'is not a denial of due process.'") (quoting <u>Engle v. Isaac</u>, 456 U.S. 107,

12 121 n.21, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)).  As the Court also previously

13 advised petitioner, the requirement under Cal. Penal Code § 1111 that "a conviction

14 cannot be had upon the testimony of an accomplice unless it be corroborated" is a

15 matter of state law, which does not implicate a federal constitutional right. <u>See</u> <u>Laboa</u>

16 <u>v. Calderon</u>, 224 F.3d 972, 979 (9th Cir. 2000); <u>Odle v. Calderon</u>, 884 F. Supp. 1404,

17 1418 (N.D. Cal. 1995); <u>Redding v. Minnesota</u>, 881 F.2d 575, 578 (8th Cir. 1989), <u>cert.</u>

18 <u>denied</u>, 493 U.S. 1089 (1990); <u>Garcia v. Powers</u>, 973 F.2d 684 (8th Cir. 1992).

19 Moreover, the requirement to instruct a jury in accordance with CALJIC 8.71 stems

20 from the California Supreme Court's decision in <u>People v. Dewberry</u>, 51 Cal.2d 548,

21 334 P.2d 852 (1969), and the failure to give such an instruction also is strictly a matter

22 of state law.  Thus, instructional error claims based on <u>Dewberry</u> are not cognizable

23 on federal habeas review.  <u>See, e.g.</u>, <u>Roa v. Holland</u>, 2013 WL 2359658, at *9 (C.D.

24 Cal. May 20, 2013); <u>Owens v. Hedgpeth</u>, 2012 WL 3731645, at *8 (N.. Cal. Aug. 28,

25 2012); <u>Cox v. McEwen</u>, 2011 WL 6107874, at *23 (C.D. Cal. Nov. 15, 2011), <u>Report</u>

26 <u>and Recommendation Adopted by</u> 2011 WL 6107136 (C.D. Cal. Dec. 7, 2011).  Nor

27 does it make any difference that petitioner now is purporting to characterize his

28 instructional error claims as "an error of constitutional dimension."  <u>See, e.g.</u>, <u>Little</u>

2

1   v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006) ("We cannot treat a mere error of

2   state law, if one occurred, as a denial of due process; otherwise, every erroneous

3   decision by a state court on state law would come here as a federal constitutional

4   question."), cert. denied, 551 U.S. 1118 (2007); Langford v. Day, 110 F.3d 1380,

5   1389 (9th Cir.) (holding that a petitioner may not "transform a state-law issue into a

6   federal one merely by asserting a violation of due process," and that "alleged errors

7   in the application of state law are not cognizable in federal habeas corpus"

8   proceedings), cert. denied, 522 U.S. 881 (1997).

9         The FAP also suffers from another facial pleading deficiency.  Under 28 U.S.C.

10   § 2254(b), habeas relief may not be granted unless petitioner has exhausted the

11   remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's

12   contentions be fairly presented to the state courts and be disposed of on the merits by

13   the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert.

14   denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).

15   Moreover, a claim has not been fairly presented unless the prisoner has described in

16   the state court proceedings both the operative facts and the federal legal theory on

17   which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887,

18   130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30

19   L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not entertain a

20   habeas corpus petition unless the petitioner has exhausted the available state judicial

21   remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509,

22   518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of

23

24            [1]     The habeas statute now explicitly provides that a habeas petition brought

25   by a person in state custody "shall not be granted unless it appears that-- (A) the

26   applicant has exhausted the remedies available in the courts of the State; or (B)(i)

27   there is an absence of available State corrective process; or (ii) circumstances exist

     that render such process ineffective to protect the rights of the applicant."  28 U.S.C.

28   § 2254(b)(1).

1   demonstrating that he has exhausted available state remedies.  See, e.g., Brown v.

2   Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  The Ninth Circuit has held that a federal

3   court may raise the failure to exhaust issue sua sponte and may summarily dismiss on

4   that ground.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert.

5   denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.

6   1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer,

7   481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

8        Here, the Court notes that none of the grounds for relief now being alleged in

9   the FAP corresponds to the claims that petitioner indicated in his original Petition

10  herein he had raised in his Petition for Review, which petitioner indicated in his

11  original Petition was his sole California Supreme Court filing.  It thus appears to the

12  Court that all three grounds for relief being alleged in the FAP are unexhausted.

13       If it were clear here that the California Supreme Court would hold that

14  petitioner's unexhausted claims were procedurally barred under state law, then the

15  exhaustion requirement would be satisfied.[2]  See Castille, 489 U.S. at 351-52; Johnson

16  _____

17       [2]     In that event, although the exhaustion impediment to consideration of

18  petitioner's claims on their merits would be removed, federal habeas review of the

19  claims would still be barred unless petitioner could demonstrate "cause" for the

20  default and "actual prejudice" as a result of the alleged violation of federal law, or

21  demonstrate that failure to consider the claims would result in a "fundamental

    miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct.

22  2546, 115 L. Ed. 2d 640 (1991).  However, until such time as the California Supreme

23  Court holds that petitioner's unexhausted claims are procedurally barred under state

24  law, consideration of petitioner's "actual innocence (gateway)" claim is premature.

    The Court notes though that petitioner has not even purported to meet his burden

25  under Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) of

26  supporting his "actual innocence (gateway)" claim with "new reliable evidence ... that

    was not presented at trial."  See also Ratnaweera v. Attorney General, 2011 WL

27  6102024, at *1 (C.D. Cal. Dec. 5, 2011) (rejecting the petitioner's contention that his

28  failure to exhaust should be excused because he was actually innocent of the crimes

                                                              (continued...)

                                        4

1   v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308,

2   1312 (9th Cir. 1991).  However, it is not "clear" here that the California Supreme

3   Court will hold that petitioner's claims are procedurally barred under state law.  See,

4   e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993)

5   (granting habeas relief where petitioner claiming sentencing error, even though the

6   alleged sentencing error could have been raised on direct appeal); People v. Sorensen,

7   111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental

8   constitutional rights have been violated may be raised by state habeas petition).  The

9   Court therefore concludes that this is not an appropriate case for invocation of either

10  "exception" cited above to the requirement that a petitioner's federal claims must first

11  be fairly presented to and disposed of on the merits by the state's highest court.

12      Under the total exhaustion rule, if even one of the claims being alleged by a

13  habeas petitioner is unexhausted, the petition must be dismissed.  See Rose, 455 U.S.

14  at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L.

15  Ed. 2d 640 (1991); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 103 L. Ed.

16  2d 380 (1989).  However, in Rhines v. Weber, 544 U.S. 269,  277, 125 S. Ct. 1528,

17  161 L. Ed. 2d 440 (2005), the Supreme Court held that, in certain "limited

18  circumstances," a district court may stay a mixed petition containing both exhausted

19  claims and unexhausted claims and hold such petition in abeyance while the petitioner

20  returns to state court to exhaust his unexhausted claims.[3]

21

22

23      [2](...continued)
    for which he was convicted and noting in any event that petitioner had not met his
24  burden under Schlup).

25      [3]   Under Rhines, 544 U.S. at 277-78, the prerequisites for obtaining a stay
26  while the petitioner exhausts his state remedies are: (a) that the petitioner show good
    cause for his failure to exhaust his claims first in state court; (b) that the unexhausted
27  claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive
28                                                          (continued...)

This is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines because that procedure applies only to mixed petitions and the Petition herein is not a mixed petition.  Nor is this an appropriate case for invocation of the alternate stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007) because that procedure applies only to fully exhausted petitions.  See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009).  Petitions containing solely unexhausted claims such as the FAP must be dismissed.  See, e.g., Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir.2009) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (affirming the dismissal of a fully unexhausted petition and denial of a stay because a Rhines stay is available only where at least some of the claims have been exhausted); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

Accordingly, on or before **March 7, 2014**, petitioner is ordered to show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED:     February 10, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

_____

[3](...continued)
litigation tactics or intentional delay."

6