# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNALDO SALAZAR, | Case No. EDCV 13-2365-SVW (JEM) |
| Petitioner, | |
| v. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| RON E. BARNES, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Petitioner has filed Objections, and the Court has engaged in a de novo review of those portions of the Report and Recommendation to which Petitioner has objected. The Court accepts the findings and recommendations of the Magistrate Judge.

Petitioner contends that the Report and Recommendation improperly narrowed the scope of his claim that trial counsel rendered ineffective assistance. He argues that his claim is not limited to trial counsel's failure to call three alibi witnesses to testify, but "encompasses trial counsel's failure to present a competent trial defense, generally." (Dkt. No. 52 at 5.) Petitioner never raised the broader claim. The First Amended Petition raised a claim that trial counsel was ineffective for failing to call one alibi witness. (Dkt. No. 7 at 3.)

Petitioner subsequently exhausted a claim that trial counsel was ineffective for failing to call three alibi witnesses, and discussed that claim in his Reply. (Dkt. Nos. 31, 43.) The Magistrate Judge addressed Petitioner's claim as expanded in the Reply.

Petitioner further contends that the Magistrate Judge "prematurely dismissed" his ineffective assistance claim before he could conduct discovery to develop the factual record regarding trial counsel's reasons for failing to call the three alibi witnesses. (Dkt. No. 52 at 6-7.) Under 28 U.S.C. § 2254(d), federal habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). A federal habeas court may not consider new evidence unless the state court unreasonably denied the claim on the existing record. See Bemore v. Chappell, 788 F.3d 1151, 1176-77 (9th Cir. 2015). Moreover, even if Petitioner demonstrated that trial counsel's performance was deficient, he would not be entitled to federal habeas relief. As discussed in the Report and Recommendation, the state court reasonably rejected Petitioner's ineffective assistance claim under the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner's remaining contentions are without merit.

IT IS ORDERED that: (1) the First Amended Petition for Writ of Habeas Corpus is denied; (2) Respondent's motion to dismiss is denied as moot; and (3) Judgment shall be entered dismissing the action with prejudice.

DATED: January 31, 2019

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE